[Cite as *Cincinnati Enquirer v. Hamilton Cty. Bd. of Commrs.*, 2020-Ohio-5281.]

| | |
|---|---|
| THE CINCINNATI ENQUIRER, A DIVISION OF GANNETT GP MEDIA, INC. | Case No. 2019-00789PQ |
| | Judge Patrick M. McGrath |
| Requester | DECISION & ENTRY |
| v. | |
| HAMILTON COUNTY BOARD OF COMMISSIONERS | |
| Respondent | |

{¶1} Respondent Hamilton County Board of Commissioners (Board) objects to a special master's report and recommendation (R&R) issued on August 25, 2020.

## I. Background

{¶2} On July 11, 2019, pursuant to R.C. 2743.75(D), requester The Cincinnati Enquirer, A Division of Gannett GP Media, Inc. (Enquirer) brought a civil lawsuit against the Board wherein it alleged a denial of access to public records. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the Board responded to the complaint and moved to dismiss. On August 25, 2020, the special master issued a R&R wherein the special master recommended:

> Based on the pleadings, affidavits, and documents submitted in this action, I recommend the court order respondent to provide requester with copies of all withheld records other than as noted in the table of permitted exceptions. I further recommend the court find that respondent did not provide copies or any other response within a reasonable period of time in violation of R.C. 149.43(B)(1). I recommend the court order that requester is entitled to recover from respondent the amount of the filing fee of

twenty-five dollars and any other costs associated with the action that it has incurred. I recommend costs be assessed to respondent.

(R&R, 51.)

{¶3} On September 22, 2020, after the court granted the Board's request for an extension of time to file objections, the Board filed written objections to the R&R.  The Board's counsel served a copy of the Board's objections on the Enquirer's counsel by means of certified mail and email, according to a certificate of service accompanying the objections.  The Board concurrently moved for leave to exceed page limits contained in L.C.C.R. 4(E) for supporting, opposing, or memorandum briefs.

{¶4} On September 30, 2020, the Enquirer filed a written response to the Board's objections.  The Enquirer's counsel served a copy of the Enquirer's response on the Board's counsel by means of the court's Odyssey eFileOH system and email, according to a certificate of service accompanying the response.

## II.  Law and Analysis

{¶5} R.C. 2743.75(F)(2) governs objections to a special master's R&R.  Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶6} The Board has timely objected to the R&R and has complied with R.C. 2743.75(F)(2) requirement to serve a copy of its written objections by certified mail.

{¶7} The Enquirer has timely responded to the Board's objections; however, the Enquirer has failed to comply with R.C. 2743.75(F)(2) requirement to serve a copy of its

response by certified mail, return receipt requested.  The Enquirer's response therefore is procedurally deficient under R.C. 2743.75(F)(2).  The court will nonetheless consider the Enquirer's response in the interest of justice.

{¶8} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection."  The Board presents the following objections:

**A. The R&R should not be adopted because attorney-client privileged communications may be entirely withheld.**

**B. The R&R should not be adopted as the Board's attorneys were acting as legal advisors in the negotiations, and the attorney-client privilege applies to any legal services not just the provision of "legal advice."**

**C. The R&R should not be adopted because inclusion of the Board's own consultant does not waive the attorney-client privilege.**

**D. The R&R should not be adopted because the Board's counsel's work product, drafts and trade secret were appropriately withheld at the time the request was made.**

**E. The R&R should not be adopted as the request was ambiguous and it is unclear whether several of the emails are in scope of the request.**

**F. The R&R should not be adopted as the Board acted in a reasonable manner and should not be liable for costs.**

{¶9} Upon independent review, the court finds that the special master has properly applied the relevant law to the facts of this case.  The court determines that the Board's objections should be overruled.

III. **Conclusion**

{¶10} The court GRANTS the Board's request for leave to exceed page limits set forth in L.C.C.R. 4(E).  The court OVERRULES the Board's objections.  The court adopts the R&R.  The court ORDERS the Board to forthwith provide the Enquirer with copies of all withheld records other than as noted in the table of permitted exceptions

that is set forth in the R&R. The Enquirer is entitled to recover from the Board the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Enquirer, but the Enquirer is not entitled to recover attorney fees. Judgment is rendered in favor of the Enquirer. Court costs are assessed against the Board. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed October 6, 2020**
**Sent to S.C. Reporter 11/13/20**