**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hicks v. Fraley*, Slip Opinion No. 2021-Ohio-2724.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2724

THE STATE EX REL. HICKS *v.* FRALEY, AUD.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hicks v. Fraley*, Slip Opinion No. 2021-Ohio-2724.]

*Mandamus—Public Records Act—A legal-opinion letter from an attorney to a government client that has been voluntarily disclosed to a third party is no longer protected by attorney-client privilege and is therefore not exempt from public-records disclosure—Writ granted.*

(No. 2020-1121—Submitted May 11, 2021—Decided August 12, 2021.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this public-records case, relator, Christopher R. Hicks, seeks a writ of mandamus to compel respondent, Clermont County Auditor Linda L. Fraley, to produce a 2004 legal-opinion letter that she received from the Clermont County

Prosecutor's Office. Fraley claims the document is protected by the attorney-client privilege and is therefore exempt from public-records disclosure.

{¶ 2} We grant the writ and order Fraley to produce the document to Hicks. Fraley waived the attorney-client privilege by voluntarily disclosing the opinion letter outside of the attorney-client relationship. We also grant Hicks's request for an award of court costs. However, we deny Hicks's request for attorney fees and statutory damages because a reasonable official would have deemed the opinion letter exempt from disclosure at the time of Hicks's public-records request.

## I. Background

### A. *The 2004 Opinion Letter*

{¶ 3} Hicks was Fraley's opponent in the 2018 Republican primary election for the office of Clermont County Auditor. In March 2018, Hicks filed a private-citizen affidavit under R.C. 2935.09(D), asserting that Fraley had committed a crime by employing her stepson in the auditor's office.

{¶ 4} The Clermont County Municipal Court held a hearing on Hicks's affidavit and dismissed the charged offenses against Fraley for lack of probable cause. During the hearing, the special prosecutor appointed to investigate Fraley's conduct referred to an August 5, 2004 opinion letter from the Clermont County Prosecutor's Office to Fraley. The court made the document a part of the record but allowed the special prosecutor to file it under seal. In the entry allowing the document to be filed under seal, the municipal court stated that the document remained subject to the attorney-client privilege.

{¶ 5} Hicks appealed the order allowing the opinion letter to be filed under seal. In *State v. L.F.*, 12th Dist. Clermont No. CA2019-02-017, 2020-Ohio-968, ¶ 14-16, the court of appeals held that Hicks was not a party to the municipal court proceedings and therefore could not challenge the sealing order. The court of appeals opined that if Hicks wanted to obtain a copy of the opinion letter filed in

the municipal court, he would have to do so through a mandamus action brought under Sup.R. 47(B).

### B. The Public-Records Request

{¶ 6} Rather than invoke Sup.R. 47(B), on July 21, 2020, Hicks e-mailed a public-records request to Fraley under R.C. 149.43(B). Hicks requested the "[l]egal opinion dated on or about August 5, 2004, from the Clermont County Prosecuting Attorney's Office issued to Clermont County Auditor Linda Fraley." Two days later, the Clermont County Prosecutor's Office, acting as Fraley's counsel, denied Hicks's request, stating that the legal opinion was exempt from disclosure under the attorney-client-privilege exception to the Ohio Public Records Act, R.C. 149.43.

### C. Hicks Seeks a Writ of Mandamus

{¶ 7} Hicks commenced this action on September 17, 2020, seeking a writ of mandamus ordering Fraley to provide him with a copy of the opinion letter identified in his public-records request. Hicks also seeks an award of court costs, attorney fees, and statutory damages. Fraley filed an answer to the complaint in which she averred that the August 5, 2004 opinion letter is protected by the attorney-client privilege; Fraley denied that she had waived the privilege. We issued an alternative writ and ordered Fraley to file the opinion letter under seal for in camera review. 161 Ohio St.3d 1425, 2021-Ohio-303, 162 N.E.3d 807. The parties have submitted evidence and merit briefs, and the case is ripe for decision on the merits.

## II. Request for Oral Argument

{¶ 8} Hicks requested oral argument under S.Ct.Prac.R. 17.02(A). In exercising discretion to grant oral argument in an original action, we consider "whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals."

*State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 9} We deny oral argument. This case does not involve a constitutional issue or a conflict among courts of appeals. The case arguably involves a matter of great public importance, namely the extent to which a public office can maintain the attorney-client privilege to shield records from public disclosure under the Public Records Act. But oral argument is not necessary for us to adjudicate that issue.

### III. Analysis

{¶ 10} R.C. 149.43(B)(1) requires a public office to make public records available for inspection upon request. A person denied access to public records may compel production of the requested records in a mandamus action. R.C. 149.43(C)(1)(b). The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the respondent to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. When a public office withholds responsive records, it has the burden of showing that the records are statutorily exempted from disclosure. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. Exceptions to disclosure are strictly construed against the public office withholding the records. *Id.*

### A. Attorney-Client Privilege

{¶ 11} The Public Records Act exempts from disclosure those records whose release "is prohibited by state or federal law." R.C. 149.43(A)(1)(v). "The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of those records." *State ex rel. Besser v. Ohio State*

*Univ.*, 87 Ohio St.3d 535, 542, 721 N.E.2d 1044 (2000); s*ee also State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 26.

{¶ 12} Hicks does not dispute that the Clermont County Prosecutor's Office acted as Fraley's legal counsel in preparing and communicating the August 2004 opinion letter. Rather, Hicks contends that Fraley has waived any attorney-client privilege that attached to the opinion letter by relying on the letter as an "advice of counsel" defense to the crime that Hicks alleged in his affidavit and by voluntarily revealing the substance of the communication to third parties.

### 1. Advice of Counsel

{¶ 13} In the civil context, asserting the affirmative defense of advice of counsel waives the attorney-client privilege with regard to such advice. *See Kremer v. Cox*, 114 Ohio App.3d 41, 58, 682 N.E.2d 1006 (9th Dist.1996). But even assuming that the advice of counsel is a possible defense to the crime charged in Hicks's affidavit, there is no basis to conclude that Fraley asserted the defense. Fraley presented no evidence at the probable-cause hearing held on Hicks's affidavit. It was the special prosecutor—not Fraley—who submitted the August 5, 2004 opinion letter as evidence for the court's consideration on the probable-cause issue.

{¶ 14} The fact that Fraley provided the letter to the special prosecutor does not change our view. An advice-of-counsel affirmative defense presumes that the person asserting the defense engaged in actionable conduct "on the advice of counsel." *Mancz v. McHenry*, 2d Dist. Greene No. 2019-CA-74, 2021-Ohio-82, ¶ 33. Thus, when raised as a defense, the advice of counsel is placed directly at issue. But Fraley's reliance on the legal advice contained in the opinion letter in this case would not give rise to an advice-of-counsel defense. Our in camera review shows that the letter memorialized the opinion of the prosecutor's office regarding legal consequences for actions that Fraley had *already* taken. Thus, it appears Fraley disclosed the letter to the special prosecutor to show that the county

prosecutor's office had already determined in 2004 that the acts of which Hicks complained did not constitute a crime. Because Fraley does not contend that she acted on the advice of counsel that was provided in the opinion letter, she did not raise a true advice-of-counsel defense.

## 2. Voluntary Disclosure

{¶ 15} A client's voluntary disclosure to a third party of communications protected by the common-law attorney-client privilege "breaches the confidentiality underlying the privilege, and constitutes a waiver thereof." *State v. Post*, 32 Ohio St.3d 380, 386, 513 N.E.2d 754 (1987); *see also State v. McDermott*, 72 Ohio St.3d 570, 574, 651 N.E.2d 985 (1995). In this case, Hicks argues that Fraley voluntarily waived the privilege on multiple occasions by either voluntarily disclosing the entire opinion letter or by revealing its contents publicly.

{¶ 16} During the probable-cause hearing held in the municipal court, the special prosecutor stated that he had obtained the opinion letter from Fraley's private attorney, and he requested that the court make the letter a part of the record. Fraley does not dispute these facts; nor does she suggest that her attorney was not authorized to provide a copy of the document to the special prosecutor. Rather, Fraley argues that giving the special prosecutor a copy of the document was not a voluntary disclosure to a third party because "the special prosecutor was acting in the place of the elected county prosecutor, and as such had access" to it by virtue of his appointment.

{¶ 17} We disagree with Fraley. The special prosecutor was appointed to investigate Fraley after the Clermont County prosecutor recused himself due to the inherent conflict in prosecuting his statutory client. While it is true that a county prosecutor is the legal adviser to all county officers, R.C. 309.09(A), the special prosecutor did *not* step into that advisory role by virtue of his appointment. Rather, the special prosecutor's relationship to Fraley was adversarial, as would be any relationship between a prosecutor and a criminal suspect being investigated or a

defendant being prosecuted. Accordingly, when Fraley voluntarily disclosed the opinion letter to the special prosecutor, she disclosed it to an adverse party outside of her attorney-client relationship with the county prosecutor. And the voluntary disclosure of a privileged communication waives the privilege. *Post* at 386; *see also State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 31 (noting that a voluntary disclosure of a privileged document would waive attorney-client privilege and any right to claim public-records exemption).

{¶ 18} Fraley also contends that her disclosure to the special prosecutor did not waive the privilege because the special prosecutor inevitably would have obtained the document. This is so, says Fraley, because the special prosecutor had access to all of the county prosecutor's files as a result of his appointment. Fraley, however, cites no authority for the proposition that a special prosecutor's appointment for a specific purpose (here, the investigation and possible prosecution of Fraley) grants him broad access to any and all privileged communications between the county prosecutor and the officers he advises under R.C. 309.09(A). Indeed, the opposite is true: the Clermont County prosecutor was bound *not* to disclose the opinion letter to the special prosecutor because the letter was a communication related to the county prosecutor's statutory legal representation of Fraley. *See* Prof.Cond.R. 1.6(a). The Clermont County prosecutor was under a continuing duty to maintain the letter's confidentiality and, therefore, he could not have provided the special prosecutor access to it without Fraley's informed consent. *See, e.g.*, *Disciplinary Counsel v. Shimko*, 157 Ohio St.3d 58, 2019-Ohio-2881, 131 N.E.3d 52, ¶ 36-37.

{¶ 19} Fraley also urges this court to follow the Eighth District Court of Appeals' rationale in *Hudson v. Greater Cleveland Regional Transit Auth.*, 2021-Ohio-576, 168 N.E.3d 606, (8th Dist.), *appeal accepted*, 163 Ohio St.3d 1492, 2021-Ohio-2270, 169 N.E.3d 1272. In that case, Hudson submitted a public-

records request for a report prepared by the transit authority's outside counsel relating to the investigation of Hudson's workplace discrimination complaint. The transit authority claimed the report was exempt from disclosure under the attorney-client privilege and attorney-work-product doctrine. In a mandamus action seeking production of the report as a public record, Hudson argued that the transit authority waived the attorney-client privilege by disclosing the report to him and by asserting the *Faragher/Ellerth* defense in a pending employment-discrimination lawsuit brought by Hudson.[1]

{¶ 20} The court of appeals held that the transit authority did not waive the attorney-client privilege by showing the document to Hudson, because the report included matters within the scope of Hudson's duties as a high-ranking employee. The court further held that raising the *Faragher/Ellerth* defense waives the privilege only in the context of the litigation in which the defense is raised. Analogizing to the latter holding, Fraley argues that we should deem her disclosure of the opinion letter to have waived the attorney-client privilege only in the context of the criminal proceeding emanating from Hicks's affidavit alleging that she had committed a crime and not with respect to this mandamus action later initiated by Hicks.

{¶ 21} We reject Fraley's argument because the *Faragher/Ellerth* issue addressed in *Hudson* is inapposite to the facts of this case. Assertion of a *Faragher/Ellerth* defense implicitly waives the attorney-client privilege because "doing so brings the employer's investigations into issue." *Equal Emp.*

---

1. In an action for hostile-environment harassment brought under Title VII of the federal Civil Rights Act, an employer may mitigate or avoid liability by showing (1) that it exercised reasonable care to prevent and promptly correct harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Federal courts have held that asserting a *Faragher/Ellerth* defense waives the attorney-client privilege for documents created as part of the employer's internal investigation. *See Reitz v. City of Mt. Juliet*, 680 F.Supp.2d 888, 893 (M.D.Tenn.2010) (collecting cases).

*Opportunity Comm. v. Outback Steakhouse of Fla., Inc.*, 251 F.R.D. 603, 611 (D.Colo.2008). In this case, we are not confronted with an implied waiver occasioned by a defense that places a privileged document at issue. Rather, we are faced with Fraley's voluntary disclosure of a privileged communication to a person outside of the attorney-client relationship. Voluntary disclosure of a record that was otherwise protected by the attorney-client privilege waives *any* right to claim exemption under the Public Records Act. *Dawson*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, at ¶ 31; *see also State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 22 (voluntary disclosure of a document waived any right to claim exemption from public-records disclosure); *State ex rel. Zuern v. Leis*, 56 Ohio St.3d 20, 22, 564 N.E.2d 81 (1990) (voluntary disclosure of confidential records in previous litigation waived any claim of exemption under R.C. 149.43).

{¶ 22} Fraley also argues that her disclosure of the opinion letter cannot waive the attorney-client privilege, because "the employee subject of the [opinion letter] is also a client for whom the privilege attaches as well." Thus, without the waiver of "any relevant employee" referred to in the letter, Fraley says the document remains privileged. We find no merit to this argument. Fraley does not develop this argument and cites no legal authority to support it. Moreover, Fraley provides no evidence indicating that the letter was an attorney-client communication to anyone other than herself.

{¶ 23} We therefore find that Fraley's voluntary disclosure of the August 5, 2004 opinion letter to the special prosecutor—an adverse party with whom Fraley did not have an attorney-client relationship—waived the attorney-client privilege that was attached to the document. As a result, the opinion letter is no longer exempt from disclosure as a public record. Because we find that Fraley waived the attorney-client privilege by providing the entire letter to the special prosecutor, we

need not address Hicks's argument that Fraley waived the privilege by revealing the letter's contents publicly on several occasions.

*B. Should the Document Be Redacted?*

**{¶ 24}** Fraley argues that, even if she has waived the attorney-client privilege, any other information or analysis *not* related to the issue raised in Hicks's private-citizen affidavit should be redacted from the opinion letter. Redaction in this case, however, is unwarranted. Fraley voluntarily disclosed the *entire* letter to the special prosecutor. Her voluntary disclosure waived the attorney-client privilege as to all of the letter and removed any exemption to disclosure under the Public Records Act. *See Cincinnati Enquirer*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, at ¶ 22.

*C. Court Costs, Attorney Fees, and Statutory Damages*

**{¶ 25}** In his complaint, Hicks requested an award of court costs, attorney fees, and statutory damages. Because Hicks is entitled to a writ of mandamus ordering Fraley to produce the opinion letter, an award of court costs is mandatory under R.C. 149.43(C)(3)(a)(i). *See State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 162 Ohio St.3d 85, 2020-Ohio-3815, 164 N.E.3d 358, ¶ 13.

**{¶ 26}** We may award reasonable attorney fees under R.C. 149.43(C)(3)(b). An award of fees under this section is discretionary. *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 30. A court shall not award fees if it determines that (1) based on the law as it existed at the time, a well-informed person responsible for the opinion letter would have reasonably believed that R.C. 149.43(B) did not require its disclosure in response to Hicks's request, and (2) a well-informed person responsible for the opinion letter would have reasonably believed that withholding the letter would serve the public policy that underlies the public-records exemption for privileged communications. *See* R.C. 149.43(C)(3)(c).

**{¶ 27}** We deny Hicks's request for attorney fees. A well-informed public official would have believed the opinion letter was protected by the attorney-client privilege, despite Fraley's disclosure of it to the special prosecutor, because the municipal court sealed the document in the record of the probable-cause proceeding and issued an order stating that the document remained subject to the attorney-client privilege. A well-informed public official would have therefore believed that the document was still exempt from public-records disclosure and that withholding the document supported the public policy underlying the attorney-client privilege.

**{¶ 28}** As for statutory damages, R.C. 149.43(C)(2) allows Hicks to recover $100 for each business day during which Fraley failed to comply with the public-records law, beginning on the date of commencement of this action, up to a maximum of $1,000. Hicks transmitted his public-records request by e-mail, qualifying him for statutory damages. *See id.* However, the statute also provides that the court may reduce or deny statutory damages for the same reasons that would support a denial of attorney fees. For the same reasons that we deny Hicks's request for fees, we likewise decline to award statutory damages. *See* R.C. 149.43(C)(2)(a) and (b).

### IV. Conclusion

**{¶ 29}** We grant a writ of mandamus and order Fraley to provide Hicks with a copy of the August 5, 2004 opinion letter. We grant Hicks's request for court costs but deny his requests for attorney fees, statutory damages, and oral argument.

Writ granted.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

The Law Office of Nicholas R. Owens and Nicholas R. Owens; and Kinsley Law Office and Jennifer M. Kinsley, for relator.

Mark J. Tekulve, Clermont County Prosecuting Attorney, and G. Ernie Ramos Jr., Jeannette E. Nichols, and Brian C. Shrive, Assistant Prosecuting Attorneys, for respondent.

_____