[Cite as *Seiverth v. Perrysburg*, 2023-Ohio-2319.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JONATHAN DOUGLAS SEIVERTH | Case No. 2022-00850PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF PERRYSBURG | |
| Respondent | |

{¶1} This matter is before the special master for a report and recommendation pursuant to R.C. 2743.75(F). He recommends that:

- Respondent be ordered to produce to Requester unredacted copies of all records that were redacted based on attorney-client privilege or R.C. 3707.17.
- Respondent be ordered to produce to Requester all records filed with the court for in camera review.
- Requester recover his filing fee and the costs he incurred in connection with this case.

## I.  Background.

{¶2} Requester Jonathan Seiverth is an employee of the Respondent City of Perrysburg ("the City"), working in the City's Fire Department. Their relationship has been contentious, resulting in grievances and compelled counseling with a psychologist at Bowling Green State University ("BGSU"). *Complaint*, filed December 16, 2022, at p. 2; *By Order of the Special Master Pursuant to R.C. 2743.75(E)(3)(c) Submission of Evidence by the Requester*, filed June 20, 2023, ("*Requester's Evidence*"), p. 163.[1]

---

[1] All references to specific pages of unpaginated matters filed in this case are to pages of the PDF copies posted on the Court's online docket. References to specific pages of internally paginated filings are based on their internal pagination.

{¶3} Mr. Seiverth made several public records requests to explore the bases for the City's actions. On May 7, 2022, he requested records related to the Fire Chief. On August 11, 2022, he requested records regarding his disciplinary proceedings. Sometime prior to August 18, 2022, he apparently requested records related to the basis for a counseling letter. *Requester's Evidence*, pp. 1299-1300; *Complaint*, pp. 48, 87, 99. The City produced records in response to those requests. *Requester's Evidence*, pp. 164, 2878-2920 (Ex. J). Those requests are not at issue here.

{¶4} Mr. Seiverth made the request giving rise to this case on September 18, 2022. He sought, among other things, records concerning communications between officials in the City's Fire Department and overall administration and records related to the BGSU counseling.[2] *Complaint*, pp. 10-11, 29, 37, 78-79; *Requester's Evidence*, pp. 164, 166, 2860, 2861. The City responded to those requests by producing unredacted records, redacted records, and by withholding other records. The City asserted attorney-client privilege as the basis for the redactions and withholdings. *Requester's Evidence*, pp. 164, 176-395 (Ex. A), 2927-2928 (Ex. L).

{¶5} The City consulted attorneys and their agents in connection with those disputes and public records requests. It retained outside counsel and the City's in-house counsel was also involved. Those counsel retained individuals at BGSU as their agents to help them represent the City in its disputes with Mr. Seiverth. *Evidence In Support of Defense of Case*, filed May 30, 2023, pp. 3-4. The same outside counsel have represented the City in this case. *Documents for In Camera Review*, filed May 30, 2023 ("*In Camera Records*") pp. 001-009; *Notice of Appearance*, filed December 21, 2022.

{¶6} Mr. Seiverth filed this case to contest the response to his September 18 request. The City produced additional records after the case was filed, many of which were redacted. *Requester's Evidence,* pp. 167, 396-729 (Ex. B1), 730-857 (Ex. B2), 863-2848 (Ex. C), 2969-2931 (Ex. M), 2932-2936 (Ex. N).

{¶7} Mediation failed to resolve all the issues, so the special master set a schedule for the parties to file evidence and memoranda supporting their positions. The City was

---

[2] The other requests were withdrawn or resolved.

also ordered to file unredacted copies of all records responsive to Mr. Seiverth's requests that it contends are exempted from production by R.C. 149.43(A)(1)(v) or some other law for camera review. *Order Terminating Mediation*, entered May 15, 2023.

{¶8} The City did not file unredacted copies of records it produced in redacted form, but did file what appear to be some of the withheld records. *In Camera Records*. It did not file any evidence explaining the redacted or withheld records.[3] It did file a motion asking that Mr. Seiverth's complaint be dismissed pursuant to Civ. R. 12(B)(6). *Respondent City of Perrysburg's 12(B)(6) Motion to Dismiss Requester's Complaint*, filed June 14, 2023 ("*MTD*").

{¶9} Mr. Seiverth argues that the City waived the attorney-client privilege, that R.C. 3701.17 does not justify the City's actions, and that the City's productions were untimely in violation of R.C. 149.43(B)(1). *Requester's Evidence*, pp. 166-175.

## II. Analysis.

### A. The City's motion to dismiss should be denied.

{¶10} The City seeks dismissal because, in its view, the complaint fails to state a claim for relief. It makes several arguments in support of that proposition: that it has produced all responsive records not excepted from production by R.C. 149.43(A)(1)(v), that Mr. Seiverth has not met his burden of proof, and that the City's public records bona fides are established by its responding to other requests. *MTD*.

{¶11} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Thus, the movant may not rely on allegations or evidence outside the complaint[.]." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992) (authorities omitted). Each of the bases for dismissal the City urges require consideration of matters outside the complaint. The special master therefore recommends that the motion should be denied and that this case be resolved on the merits.

### B. The City has not proven that the exemptions it invokes apply here.

---

[3] The City's *Evidence In Support of Defense of Case* consisted entirely of arguments of counsel. It included no affidavits or other actual evidence.

{¶12} The City does not contest that it is a public office, that the materials Mr. Seiverth requests are records, or that his requests were sufficient to trigger obligations under R.C. 149.43. Instead, it argues that the redacted/withheld records are exempted from the class of public records by R.C. 149.43(a)(1)(v) because they are covered by the attorney-client privilege and/or R.C.3701.17(B). The City has not met its burden of proving that those exemptions apply.

1. **The City has the burden of proving the applicability of the exemptions it asserts**.

{¶13} "It has long been the policy of this state, as reflected in the Public Records Act *** that open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. The Court has therefore "repeatedly espoused" the principle "that "R.C. 149.43 *** is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *Id*.

{¶14} Because of that, a public office asserting an exemption from its general duty to provide access to public records bears the burden to "prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 27. See also, *Id*. at ¶¶ 35, 54. That burden must be carried with "competent, admissible evidence[.]" *Id*. at ¶¶ 53, 77. "Unsupported conclusory statements *** are insufficient." *Id*. at 35.

{¶15} Courts determine whether an office has met that burden by conducting "an individualized scrutiny of the records in question." *Id*. at ¶ 29. The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" *Id*. at, ¶ 35. See also *id*. at ¶¶ 30, 50, 53.

{¶16} The office must make a strong showing. It "does not meet this burden if it has not proven that the requested records fall *squarely* within the exception," and the courts "resolve any doubt in favor of disclosure." *Id*. at ¶¶ 27, 63 (emphasis added). See also *id*. at ¶¶ 50, 63. Given that, "it is not enough to say that a record is *probably* within a statutorily prescribed exemption[.]" *Id*. at ¶ 63 (emphasis sic.).

**2. The City has not proven that its redactions or withholdings were justified by the attorney-client privilege.**

    **a. The City has the burden of proving that the records at issue are covered by the attorney-client privilege.**

{¶17} Similar principles and standards control the attorney-client privilege. Because the privilege hinders discovery of the truth, claims of privilege are examined "with the primary assumption that there is a general duty to give what [information] one is capable of giving, and that any exemptions *** are distinctly exceptional[.]" *In re Story*, 159 Ohio St. 144, 148, 111 N.E.2d 385 (1953). "The investigation of truth and the enforcement of *** duty demand the restriction, not the expansion, of *** privileges," so the privilege "should be recognized only within the narrowest limits required by principle." *Id.* at 149. Accord, *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, 790 N.E.2d 817, ¶ 26 (8th Dist.) ("The privilege *** should be strictly confined within the narrowest possible limits underlying its purposes"). In short, there "must be good reason, plainly shown" for applying the privilege. *In re Story*, 159 Ohio St. at 149.

{¶18} Because of those principles, "the party claiming the privilege has the burden of proving that the privilege applies[.]" *Westfield Ins. Group v. Silco Fire & Sec.*, 5th Dist. Stark No. 2018CA00122, 2019-Ohio-2697, ¶ 47(authorities and internal punctuation omitted); *MA Equip. Leasing I, LLC v. Tilton*, 2012-Ohio-4668, 980 N.E.2d 1072 (10th Dist.), ¶ 21. That requires proof of every element of the privilege. *Cincinnati Enquirer v. Hamilton Cty. Bd. of Commrs.*, Ct. of Cl. No. 2019-00789PQ, 2020-Ohio-4856, ¶ 20, adopted 2020-Ohio-5281(McGrath, J.); *Williams v. Duke Energy Corp.*, S.D. Ohio No. 1:08-cv-00046, 2014 U.S. Dist. LEXIS 109835, at *14 (Aug. 8, 2014); *Soc. Corp. v. Am. Cas. Co.*, N.D. Ohio Case No. 1:91CV0327, 1991 U.S. Dist. LEXIS 21180, at *4 (July 24, 1991).  See also, *MA Equip. Leasing*, 980 N.E.2d 1072, ¶ 20 ("There is no material difference between Ohio's attorney-client privilege and the federal attorney-client privilege"). The privilege applies:

> "'(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is

waived.'" *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 27.

**b. The City has not proven the propriety of its attorney-client based redactions.**

{¶19} As just discussed, the party asserting a privilege has the burden of proving facts establishing the elements of the privilege. In the public records setting, that usually requires the public office to file the disputed records for in camera review and, if the elements of the privilege are not evident from the records themselves, to submit other evidence establishing those elements. *Id.* at ¶ 27; *Welsh-Huggins*, 163 Ohio St.3d 337, 35. See also *id.* at ¶¶ 30, 50, 53. That allows a court to conduct "an individualized scrutiny of the records in question." *Id.* at ¶ 29. That is why the special master ordered the City to file unredacted copies of materials it claimed are exempted from production and any other evidence it relies upon to support its position. *Order Terminating Mediation*, ¶ B.

{¶20} The City has provided nothing supporting its redactions. Despite being ordered to do so, it did not file unredacted copies of those records. It filed no other evidence that would allow the court to discern attorney-client based grounds for the redactions. It has failed to carry its burden regarding its attorney-client-based redactions.

{¶21} That is not changed by the City's assertion that Mr. Seiverth has not carried his burden of proof. *MTD*, p. 5. That assertion fails for two reasons.

{¶22} First, the Supreme Court has rejected the proposition that an office's "burden of production does not arise unless and until the requester has established its burden of persuasion." *Id.* at ¶ 54. The office's assertion that the requester has not met its burden "does not in any way relieve the public office *** from having to prove the factual basis of the exemption on which it relies." *Id.* To the contrary, a public office's "assertion of a statutory exemption activates the corresponding burden of production to prove facts establishing the clear applicability of the exemption." *Id.*

{¶23} Second, Mr. Seiverth fully met his burden. He was obligated to prove that he made a proper public records request that was denied and to do so by clear and convincing evidence. *Id.* at ¶ 33. Mr. Seiverth pled those facts and provided unrebutted

evidence proving them. That constitutes clear and convincing evidence of those essential facts.

{¶24} The special master therefore recommends that the City be ordered to produce unredacted copies of all records redacted based on attorney-client privilege.

### c. The City's disclosure of some of the *In Camera Records* withheld based on attorney-client privilege resulted in a waiver of the privilege for all the *In Camera Records* withheld on that basis.

{¶25} The City did not meet its burden of proving the eighth *Lanham* requirement as to the records withheld based on attorney-client privilege, that the privilege was not waived. To the contrary, the evidence establishes a waiver by establishing that that the City disclosed privileged records to Mr. Seiverth.

{¶26} "A client's voluntary disclosure of privileged communications is inconsistent with an assertion of the attorney-client privilege." *Hollingsworth v. Time Warner Cable*, 157 Ohio App.3d 539, 2004-Ohio-3130, 812 N.E.2d 976 (1st Dist.), ¶ 65. "Such disclosure waives any subsequent claim of privilege with regard to communications on the same subject matter." *Id.* Accord, *Mid-American Natl. Bank & Trust Co. v. Cincinnati Ins. Co.*, 74 Ohio App.3d 481, 490, 599 N.E.2d 699 (6th Dist.1991); *Cline v. Reliance Trust Co.*, N.D.Ohio No. 1:04-CV-02079, 2005 U.S. Dist. LEXIS 26066, at **9 -10 (Oct. 31, 2005) (applying Ohio law). The resulting waiver "is not limited to the disclosed document or communication," *Id.* at * 11, but instead applies to "all other communications which deal with the same subject matter." *Mid-American*, 74 Ohio App.3d at 490. Those principles apply to the privilege when it is asserted in response to public records requests. *State ex rel. Hicks v. Fraley*, 166 Ohio St.3d 141, 2021-Ohio-2724, 184 N.E.3d 13, ¶¶ 2, 15-23; *Cincinnati Enquirer v. Hamilton Cty. Bd. of Commrs.*, Ct. of Cl. No. 2019-00789PQ, 2020-Ohio-4856, ¶ 29, adopted 2020-Ohio-5281 (McGrath, J).

{¶27} The City waived the privilege by producing otherwise privileged records in unredacted form. The City claims that the privilege protects communications between the City's Human Resources Manager (Kelly Chafant), the City's Law Director (Katheryn Sandretto), its outside counsel (Jonathan Downes, Jantzen Mace), and the persons at BGSU involved with Mr. Seiverth's counseling (Dr. Dworsky, Theresa Kelso). *Evidence In Support of Defense of Case*, pp. 3-4. It specifically identified several email exchanges

between those persons as privileged by filing them as pp. 001-009 of the *In Camera Records*. A comparison of those pages of the *In Camera Records* to records attached to the *Complaint* and filed in *Requester's Evidence* reveals that a number of those emails were produced to Mr. Seirverth in unredacted form, both before this case was filed (as evidenced by their being attached to the complaint) and after this case was filed. See *Requester's Evidence*, pp. 167, 396-729 (Ex. B1), 730-857 (Ex. B2), 863-2848 (Ex. C), 2969-2931 (Ex. M), 2932-2936 (Ex. N).

| *In Camera Records* p. | Email Date/Time | *Complaint* pp. | *Requester's Evidence* pp. |
|---|---|---|---|
| 006 | Thursday, August 18, 2022 8:50 AM | 47, 96 | 734, 739-740, 753, 757, 761-762, 765, 773, 805, 829, 844-845, 1222, 1226, 1230, 1234, 1367-1368, 1779, 1785, 1791, 1796, 1801, 1806, 1861, 1865-1866, 1869, 1873, 1877-1878, 1881, 1889, 1898, 2299, 2305, 2335, 2344 |
| 006 | Monday, August 22, 2022 11:07 AM | 96 | 739, 765, 772, 805, 828, 1225, 1229,1233, 1367, 1779, 1785, 1791, 1796, 1801, 1806, 1881, 1888, 1898, 2298, 2304, 2334-2335, 2343-2344 |
| 002 | Tuesday, August 23, 2022 12:32 PM | 46, 95 | 801, 825, 1894, 2933 |
| 001 | Tuesday, August 23, 2022 3:18 PM | 45, 94 | 800, 825, 1893, 2932 |

{¶28} The City has made no claim that those productions were inadvertent. Those "voluntary disclosure[s] of privileged communications [are] inconsistent with an assertion of the attorney-client privilege" and waive any "claim of privilege with regard to communications on the same subject matter." *Hollingsworth*, 157 Ohio App.3d 539, ¶ 65.

{¶29} That "subject matter" is the counseling that Mr. Seiverth was compelled to attend; that topic is common to both the disclosed documents and the balance of the

documents withheld based on attorney-client privilege. The special master therefore recommends that the City be ordered to produce all the *In Camera Records* withheld based on attorney-client privilege.

**3. The City has not proven that R.C. 3701.17(B) is applicable to the records at issue**.

{¶30} The City's argument that R.C. 3701.17(B) prevents it from providing records responsive to Mr. Seiverth also fails for want of proof. That statute provides that:

> Protected health information *reported to or obtained by the director of health, the department of health, or a board of health of a city or general health district* is confidential and shall not be released without the written consent of the individual who is the subject of the information unless the information is released pursuant to division (C) of this section or one of the following applies (emphasis added).

The plain text of this statute limits its applicability to information "reported to or obtained by" the health-related entities its lists. This court has therefore rejected arguments that R.C. 3701.17(B) justifies other entities withholding records otherwise within the scope of R.C. 149.43. *Shaffer v. Budish*, Ct. of Cl. No. 2017-00690-PQ, 2018-Ohio-1539, ¶ 40, adopted by order of February 22, 2018 (McGrath, J.).

{¶31} The City has the burden of proving the facts establishing the applicability of R.C. 3701.17(B) because it asserts the statute as an exemption from the general duty to produce public records. *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 27. See also, *Id.* at ¶¶ 35, 54. It has produced no evidence that the information in the redacted or withheld records was "reported to or obtained by" any of the entities listed in R.C. 3701.17(B). Its claim to that exemption fails for want of proof. The special master therefore recommends that the court reject the City's claim that R.C. 3701.17(B) prevents it from producing records responsive to Mr. Seiverth requests.

**C. Costs**.

{¶32} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Mr. Seiverth was aggrieved because the City failed to produce records responsive to his

requests. He is therefore entitled to recover her filing fee and all costs incurred in this case.

**D. There is no need to resolve Mr. Seiverth's delay claim**.

**{¶33}** Mr. Seiverth asserts a separate claim that the City violated R.C. 149.43(B)(1)'s timeliness requirement. There is no need to decide the merits of this claim because the special master is already recommending that Mr. Seiverth be granted all the relief that would be available in this court on the claim (recovery of his filing fee and costs). If "it is not necessary to decide more, it is necessary not to decide more," so there is no need to address the timeliness claim. *Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 53 (quoting *PDK Laboratories Inc. v. United States DEA*, 362 F.3d 786, 799 (2004) (Roberts J. concurring)).

## III. Conclusion.

**{¶34}** In light of the foregoing, the special master recommends that:

- Respondent be ordered to produce to Requester unredacted copies of all records that were redacted based on attorney-client privilege and/or R.C. 3707.17.
- Respondent be ordered to produce to Requester all records filed with the court for in camera review.
  - Requester recover his filing fee and the costs he incurred in connection with this case.

**{¶35}** *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity*

*all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____

TODD MARTI
Special Master

**Filed June 28, 2023**
**Sent to S.C. Reporter 7/7/23**