[Cite as *State ex. rel. Chatman v. Galion Police Dept.*, 2023-Ohio-4177.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE EX. REL. DAVID CHATMAN,

                                       **CASE NO. 9-22-48**

    RELATOR,

    v.

GALION POLICE DEPARTMENT,           **O P I N I O N**

    RESPONDENT.

**Original Action for Writ of Mandamus**
**Marion County**

**Writ Granted in Part, Denied in Part**

**Date of Decision:  November 20, 2023**

**APPEARANCES:**

    *David L. Chatman*, **Relator**

    *Phillip K. Hartmann* **and** *Jesse J. Shamp* **for Respondent**

**PER CURIAM.**

{¶1} This matter comes on for determination of Relator's complaint for a writ of mandamus seeking the production of records under R.C. 149.43, statutory damages, and court costs, Respondent's answer to the complaint, and Relator's reply.

{¶2} Relator also filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), which the Court hereby denies having found no good cause shown.

*Background*

{¶3} Relator, an inmate at North Central Correctional Complex, alleges that he sent a written public records request via Certified Mail on June 17, 2022, to Respondent, Galion Police Department, for six categories of records: (1) and (2) copies of personnel files for two law enforcement officers; (3) copies of the Galion Police Department's standard operating procedure; (4) copies of the 2019 and 2021 annual department budgets; (5) copies of "any and all incident reports/non-criminal reports" for Relator and his live-in-ex-girlfriend, who is the mother of the minor victim in his criminal case; and (6) "any and all content" in Relator's 2019 criminal felony case file (Case No. 20-CRO-374).

{¶4} On September 15, 2022, Relator filed this original action alleging that Respondent failed to respond to his records request and seeking a writ of mandamus to compel Respondent to produce the documents under R.C. 149.43(C), in addition to seeking statutory damages and court costs under R.C. 149.43(C)(2) and R.C.

149.43(C)(3)(a)(i). The record indicates that Respondent was served a copy of the complaint via certified mail, as evidenced by the return receipt signed on September 21, 2022. However, no response to the complaint was filed by Respondent.

{¶5} On December 2, 2022, after Respondent failed to file an answer, the Court issued an alternative writ directing Respondent to submit a copy of the requested alleged public records under seal for an *in camera* review by December 23, 2022, and a scheduling order for the parties to file their briefs. The Court's docket indicates that the clerk served Respondent with a copy of the alternative writ the same day.

{¶6} Several months later, on May 19, 2023, Respondent filed an answer to the Court's December 2, 2022 alternative writ, conceding its failure to comply with its statutory duty under R.C. 149.43 to promptly respond to Relator's public records request. Respondent also submitted a copy of the records responsive to Relator's record request for the Court's *in camera* review.

{¶7} In its answer, Respondent acknowledged that Relator is entitled to copies of the Galion Police Department's standard operating procedure and the 2019 and 2021 annual department budgets under R.C. 149.43 (records 3 & 4), and stated that it was working with the Department of Rehabilitation and Corrections to send those records to Relator.

{¶8} However, Respondent maintains that Relator is not entitled to the other requested records. Specifically, Respondent contends that in order to be entitled to

copies of the incident reports and criminal investigation records (records 5 & 6), Relator must first receive a determination from the sentencing judge that the information sought in the public record is necessary to support what appears to be a justiciable claim. *See* R.C. 149.43(B)(8). Regarding the personnel files requested by Relator (records 1 & 2), Respondent asserts that these are not public records and therefore are not required to be produced under a R.C. 149.43(B) request.

{¶9} Relator filed a reply to Respondent's answer arguing that the additional approval requirement in R.C. 149.43(B)(8) does not apply to the records he requested, and asserting that the personnel files are not subject to a public record exemption.

*Statutory Damages*

{¶10} Considering Respondent's concession that it failed to comply with its obligation under R.C. 149.43(B), and with no evidence to the contrary, the Court grants Relator's claim for statutory damages in the amount of $1,000.00. *See* R.C. 149.43(C)(2).

*Mandamus Claim*

{¶11} The award of statutory damages is separate from the Court's determination of whether Relator is entitled to a writ of mandamus because statutory damages may be awarded based on the unreasonable amount of time the public office had taken to provide the requested records. R.C. 149.43(C)(2); *see State ex rel. Straughter v. Ohio Dep't of Rehab. & Correction*, --- Ohio St. 3d ---, 2023-

Ohio-1543, ¶ 15. Since the parties do not dispute that Relator is entitled records 3 & 4, and that these records have apparently already been sent to Relator, the only remaining issue is whether Relator is entitled to the other records requested under the public records act.

*Incident Reports/Criminal Investigation Records*

**{¶12}** The Court's *in camera* review of records 5 and 6 reveal that these documents include information primarily related to Relator's conviction for rape in 2019. Because Relator is incarcerated, his request for these records is subject to R.C. 149.43(B)(8), which provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8).

{¶13} Thus, according to R.C. 149.43(B)(8), Relator was required to obtain a finding by the sentencing judge that the records identified in his public-records request were necessary to support what appears to be a justiciable claim. Until obtaining that finding, he is not entitled to receive records related to his criminal case. *See State ex rel. Adkins v. Cantrell*, --- Ohio St.3d ---, 2023-Ohio-1323, ¶ 26. " '[T]here is no duty to provide public records requested by an inmate unless' the inmate has complied with R.C. 149.43(B)(8)". *Id.* at ¶ 27, quoting *McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, ¶ 12.

{¶14} Therefore, Respondent has no duty to provide records related to Relator's criminal proceedings. *See State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 167 Ohio St.3d 193, 2021-Ohio-4487, ¶ 15. Because Relator has not shown that he complied with R.C. 149.43(B)(8), the Court finds he has failed to show by clear and convincing evidence that he is entitled to mandamus relief in this regard.

*Law Enforcement Personnel Files*

Record 1: "The Complete Personnel File of Robert F. Burkey"

{¶15} The Court's *in camera* review of record 1 pertaining to Robert Burkey reveals that the personnel file contains a small amount of documents, all of which include highly sensitive material identifying personal, family, and medical information about the law enforcement officer. The Supreme Court of Ohio has

recognized that not all items in a personnel file may be considered public records. *State ex rel. Dispatch Printing Co. v. Wells*, 18 Ohio St.3d 382, 385 (1985).

{¶16} The Supreme Court of Ohio emphasized that "[a] 'public record' is 'any record that is kept by any public office * * *.' R.C. 149.43(A)(1). However, a 'record' is something that is 'created or received by or coming under the jurisdiction of any public office * * * which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.' R.C. 149.011(G). To the extent that any item contained in a personnel file is not a 'record,' i.e., does not serve to document the organization, etc., of the public office, it is not a public record and need not be disclosed. To the extent that an item is not a public record and is 'personal information,' as defined in R.C. 1347.01(E), a public office 'would be under an affirmative duty, pursuant to R.C. 1347.05(G), to prevent its disclosure.' " *State ex rel. McCleary v. Roberts*, 88 Ohio St. 3d 365, 367, 2000-Ohio-345, quoting *State ex rel. Fant v. Enright*, 66 Ohio St.3d 186, 188 (1993).

{¶17} The Supreme Court further held that "[p]olice officers' files that contain the names of the officers' children, spouses, parents, home addresses, telephone numbers, beneficiaries, medical information, and the like should not be available to a defendant who might use the information to achieve nefarious ends. This information should be protected not only by the constitutional right of privacy, but, also, we are persuaded that there must be a 'good sense' rule when such

information about a law enforcement officer is sought by a defendant in a criminal case." *State ex rel. Keller v. Cox*, 85 Ohio St.3d 279, 281 (1999); see also R.C. 149.43(A)(1)(p).

{¶18} Based on the foregoing, the Court finds that the personnel file pertaining to Robert Burkey is not a public record as defined by R.C. 149.011(G), and is not subject to production by Respondent under R.C. 149.43.

Record 2: "The Complete Personnel File of Lt. Det. [Marc] Rodriguez"

{¶19} The Court's *in camera* review of record 2 pertaining to Marc Rodriguez's personnel files reveals an entirely different category of documents than the personnel file of Robert Burkey. The contents of the file almost exclusively serve to document the functions, policies, decisions, procedures, operations, or other activities of the office, and therefore meets the definition of a public record. R.C. 149.011(G).

{¶20} Respondent maintains that these items should generally be excluded from public disclosure under a 'good sense' rule which, as previously discussed, is applied when personal information about a law enforcement officer is sought by a defendant in a criminal case. *See State ex rel. Keller v. Cox*, 85 Ohio St.3d 279, 281 (1999), citing *Kallstrom v. Columbus*, 136 F.3d 1055 (C.A.6, 1998) (holding that officers have a fundamental constitutional interest in preventing release of personal information contained in their personnel files where such disclosure creates a substantial risk of serious bodily harm).

{¶21} However, many courts, including the Supreme Court of Ohio, have not applied the concept of a "good sense" as broadly as advocated for by Respondent in this instance. Rather, it is clear that these courts have narrowly construed *Keller* to its facts and have held *Keller* stands for the limited proposition that information of a personal nature, such as the names and addresses of an officer's family members are protected by the constitutional right of privacy, and absent a showing of some substantial threat to personal security, disclosure of other information contained in the personnel file does not encroach on the officer's constitutional right to privacy. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Off.*, 133 Ohio St. 3d 139, 2012-Ohio-4246, ¶ 41 ("*Keller* simply reiterates the unremarkable proposition that personnel and internal investigative records of police officers—aside from certain personal information protected by the constitutional right of privacy—are public records under R.C. 149.43 'because they have nothing to do with the crime or the criminal case itself.' ").

{¶22} Accordingly, due to the nature of the documents, the Court concludes that the majority of Marc Rodriguez's personnel file is subject to public disclosure. However, the Court finds the personnel file minimally references personal information relating to Rodriguez's family members, addresses, phone numbers, and basic medical information which, as previously discussed, are not subject to public disclosure. R.C. 149.43(A)(1)(a),(p). This information is not a public record

and therefore must be redacted consistent with R.C. 149.43(A)(13) before Respondent provides a copy of Rodriguez's personnel file to Relator.

*Court Costs*

{¶23} Relator also seeks an award of court costs. Because the Court concludes that Realtor is entitled to a writ of mandamus ordering Respondent to provide public records responsive to his request, an award of costs to Relator is mandatory under R.C. 149.43(C)(3)(a)(i). *State ex rel. Hicks v. Fraley*, 166 Ohio St.3d 141, 2021-Ohio-2724, ¶ 25.

*Conclusion*

{¶24} The Court finds that Relator has demonstrated by clear and convincing evidence that he is entitled to a writ of mandamus compelling Respondent to produce records 3, 4, and record 2 in redacted form. For the reasons outlined by the Court, Relator has not establish that he is entitled to a writ of mandamus to compel Respondent to produce records 1, 5, and 6.

{¶25} Therefore, the complaint for writ of mandamus is granted, in part. Respondent shall provide Relator with a copy of: Respondent's current standard operating procedure/policies and procedures; Respondent's annual department budget for years 2019 and 2021; and a copy of Marc Rodriguez's personnel file with personal information redacted in a manner consistent with R.C. 149.43(A)(13) and the guidelines stated in this opinion. The Court denies the writ as to the remaining

records requested.  The Court also grants Relator's claims for statutory damages of

the maximum $1,000.00 and cost costs.

***Writ granted in part
and denied in part***

**MILLER, P.J., WILLAMOWSKI, J. and WALDICK, J., concur.**

**/hls**