[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, Slip Opinion No. 2021-Ohio-4487.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4487

THE STATE EX REL. ELLIS, APPELLANT, *v*. CLEVELAND POLICE FORENSIC LABORATORY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, Slip Opinion No. 2021-Ohio-4487.]**

*Public Records Act—Mandamus—Statutory damages—Request for records-retention policies of public office is not subject to R.C. 149.43(B)(8)'s restrictions on requests by incarcerated persons—Denial of relator's request was not reasonable—Court of appeals' judgment reversed and statutory damages awarded to relator.*

(No. 2021-0628—Submitted October 5, 2021—Decided December 23, 2021.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 107571.

_____

**Per Curiam.**

{¶ 1} Appellant, L'Ddaryl D. Ellis, appeals the judgment of the Eighth District Court of Appeals denying his motion for an award of statutory damages

under the Ohio Public Records Act, R.C. 149.43. We reverse the judgment of the court of appeals and hold that Ellis is entitled to statutory damages.

**Background**

{¶ 2} Ellis is an inmate at the Northeast Ohio Correctional Center. In June 2018, while confined at the Trumbull Correctional Institution, Ellis sent a request by certified mail to the Cleveland Police Forensic Laboratory ("CPFL") for three categories of public records. First, without identifying a specific case or investigation, he requested "All Investigative Reports [and] All Laboratory or Hospital Reports," as well as statements of police, victims, and witnesses. Second, he requested the results of a ballistics test of a "Skyy 9mm caliber pistol, Model CPX-1, with serial #018313." And third, he requested "Copies of all Records Retention Schedule, Records Retention Policy, and Public Records Policy."

{¶ 3} In August 2018, Ellis filed a mandamus action in the Eighth District alleging that the CPFL had not responded to his request. In addition to an order compelling the CPFL to provide the requested records, Ellis sought statutory damages under R.C. 149.43(C)(2).

{¶ 4} The court of appeals granted CPFL's motion for summary judgment in part, denied the motion in part, and granted a writ of mandamus compelling the production of some of the requested records. 8th Dist. Cuyahoga No. 107571, 2019-Ohio-710, ¶ 13. The court of appeals deemed the first request "overly broad and not subject to disclosure," because Ellis "failed to specify or identify with reasonable clarity" which records he sought. *Id*. at ¶ 2. The court rejected Ellis's second request because he did not obtain approval from the sentencing judge before requesting documents relating to a criminal investigation, as inmates are required to do under R.C. 149.43(B)(8). *Id*. at ¶ 5. Further, the court concluded that "the doctrine of res judicata also bar[red] Ellis from seeking a writ of mandamus" for the ballistics results, because he had previously been denied relief when seeking those records in an action before the Court of Claims. *Id*. at ¶ 8.

2

**{¶ 5}** However, the court of appeals held that R.C. 149.43(B)(8) was inapplicable to Ellis's third request—for the CPFL's records-retention schedule and policies—because those records do not relate to a criminal investigation or prosecution. *Id*. at ¶ 9. The court granted a writ of mandamus ordering the CPFL to provide those records. *Id*. at ¶ 11. The CPFL subsequently informed the court that it had complied with the order by releasing those records to Ellis.

**{¶ 6}** Because the CPFL failed to comply with an obligation under R.C. 149.43(B), Ellis filed a motion for an award of statutory damages. He then appealed the decision denying the writ as to his first two requests. We affirmed the judgment and remanded the case to the court of appeals for consideration of Ellis's statutory-damages motion. 157 Ohio St.3d 483, 2019-Ohio-4201, 137 N.E.3d 1171, ¶ 12.

**{¶ 7}** On remand, the court of appeals denied the request for statutory damages. In a one-paragraph journal entry, the court explained: "Although this Court ultimately held that the Cleveland Police Forensic Lab is required to release its retention schedule, it was reasonable for the Cleveland Police Forensic Lab to interpret R.C. § 149.43(B)(8) as requiring it to withhold these documents from Ellis because it was part of the larger improper request." Ellis appealed.

### Legal analysis

**{¶ 8}** A person requesting public records, provided he has used a qualifying method of transmission, "*shall* be entitled to recover" an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)]." (Emphasis added.) R.C. 149.43(C)(2). We have recognized that the Public Records Act "provides for an award of statutory damages * * * when a court determines that the public office failed to comply with an obligation to provide access to the records." *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 23.

{¶ 9} Statutory damages under R.C. 149.43(C)(2) "are mandatory whenever a public-records custodian fails to comply with her obligation[s]." *State ex rel. Ware v. Akron*, 164 Ohio St.3d 557, 2021-Ohio-624, 174 N.E.3d 724, ¶ 18. We review de novo a court of appeals' decision to grant or deny statutory damages under the Public Records Act. *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, ¶ 12.

{¶ 10} The amount of statutory damages is fixed at $100 for each business day during which the public office or official fails to comply with a statutory obligation, beginning on the day the requester files a mandamus action, up to a maximum of $1,000. R.C. 149.43(C)(2). However, a court may reduce the amount or not award statutory damages at all if it makes the following two findings:

> (a)  That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct * * * of the public office * * * that allegedly constitutes a failure to comply with an obligation * * *, a well-informed public office * * * reasonably would believe that the conduct * * * of the public office * * * did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)];
>
> (b)  That a well-informed public office * * * reasonably would believe that the conduct * * * of the public office * * * would serve the public policy that underlies the authority that is asserted as permitting that conduct * * *.

R.C. 149.43(C)(2)(a) and (b).

{¶ 11} When a court exercises its discretion to *reduce* an otherwise mandatory statutory-damages award, we review *that* decision for an abuse of discretion. *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-

538, 7 N.E.3d 1136, ¶ 14, *superseded by statute on other grounds as stated in State ex rel. Cincinnati Enquirer v. Cincinnati*, 157 Ohio St.3d 290, 2019-Ohio-3876, 135 N.E.3d 772, ¶ 12. In this case, however, the court of appeals denied Ellis's motion for statutory damages. We therefore review the denial of his statutory-damages request de novo.

{¶ 12} Although the court of appeals did not indicate that it was *reducing* the award, it made one of the findings necessary to support a reduction: that the CPFL's interpretation of R.C. 149.43(B)(8) in support of its denial of the records-retention documents was reasonable. Without recognizing the distinction between a denial and a reduction, the CPFL's merit brief appears to misconstrue the Eighth District's decision as a *reduction* of the award to zero and asks this court to review that decision for an abuse of discretion. Nonetheless, under either standard of review, we reverse the judgment of the court of appeals and award the maximum amount of statutory damages.

{¶ 13} The Public Records Act imposes restrictions on the ability of an inmate to request records.

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record *concerning a criminal investigation or prosecution * * ** unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

(Emphasis added.) R.C. 149.43(B)(8). In the absence of the necessary finding from the sentencing judge, an inmate is not entitled to the requested records. *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, 976 N.E.2d 889, ¶ 2.

{¶ 14} By its terms, R.C. 149.43(B)(8) applies only to records "concerning a criminal investigation or prosecution." The court of appeals correctly determined that Ellis's second request, for the results of ballistics tests, was precluded by R.C. 149.43(B)(8). 8th Dist. Cuyahoga No. 107571, 2019-Ohio-710, at ¶ 5. And in the earlier appeal of this case, we held that the statute also applied to Ellis's overbroad request for unidentified investigative materials. 157 Ohio St.3d 483, 2019-Ohio-4201, 137 N.E.3d 1171, at ¶ 12. But his third request, for the records-retention schedules and policies, did not relate to a criminal investigation or prosecution and was therefore not subject to R.C. 149.43(B)(8). The question, then, is whether it was reasonable for the CPFL to believe that it could reject the entire request for noncompliance with R.C. 149.43(B)(8) without parsing the individual requests to see if any fell outside the scope of that provision.

{¶ 15} The answer to that question may be found in the plain language of the statute. R.C. 149.43(B)(8) excuses a public office or official from having to provide a *record* when it relates to a criminal proceeding. This provision does not create a blanket rule that an office or official may disregard an entire *request* when a portion thereof is subject to the prerelease approval of the sentencing judge. The CPFL suggests that it was reasonable for it to believe that its blanket rejection was appropriate but does not cite any court decisions in support of this position.

{¶ 16} To rule in favor of the CPFL, we would have to first assume that the court of appeals intended to award statutory damages and then *reduce* the award to zero pursuant to R.C. 143.49(C)(2), even though that is not what the court said in its entry. We would then have to assume that the court of appeals implicitly addressed both prongs of the reduction analysis, even though the judgment entry

does not mention the second prong, i.e., whether "a well-informed public office" would have reasonably believed that its conduct served the public policy underlying R.C. 149.43(B)(8). And *then* we would have to conclude that the court of appeals did not abuse its discretion in concluding that it was reasonable for the CPFL to have acted in a manner that is not supported by the plain language of the statute or any prior court decisions. This exceeds the reasonable bounds of deference inherent in an abuse-of-discretion review, and certainly fails under a de novo review.

{¶ 17} We reverse the judgment of the court of appeals and grant Ellis's application for an award of statutory damages. Given the length of time during which the CPFL failed to respond, we conclude that Ellis is entitled to the maximum amount permitted under the statute, $1,000.

### Conclusion

{¶ 18} We reverse the judgment of the court of appeals and award statutory damages.

Judgment reversed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

L'Ddaryl D. Ellis, pro se.

Barbara A. Langhenry, Cleveland Director of Law, William M. Menzalora, Chief Assistant Director of Law, and Timothy J. Puin, Assistant Director of Law, for appellee.

_____