**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gregory v. Toledo*, Slip Opinion No. 2023-Ohio-651.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-651

THE STATE EX REL. GREGORY *v.* THE CITY OF TOLEDO.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gregory v. Toledo*, Slip Opinion No. 2023-Ohio-651.]**

*Mandamus—Public-records requests—All items listed in relator's request are not records, have been provided, and/or are no longer a basis for any claim for writ—City lacked reasonable basis to withhold all records requested simply because some of them related to a criminal investigation or prosecution and therefore were subject to R.C. 149.43(B)(8)'s requirement that requester seek court approval before submitting request—Writ denied and statutory damages awarded.*

(No. 2022-0083—Submitted January 10, 2023—Decided March 7, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

**{¶ 1}** Relator, LaRon Gregory, filed this original action seeking a writ of mandamus to compel respondent, city of Toledo, to provide public records. Gregory also requested an award of statutory damages. On March 23, 2022, we granted an alternative writ of mandamus. 166 Ohio St.3d 1437, 2022-Ohio-798, 184 N.E.3d 126. For the reasons set forth below, we now deny the writ and award statutory damages in the amount of $400.

## I. Background

**{¶ 2}** On October 22, 2021, Gregory sent a public-records request to the Toledo police department by certified mail. The request contained the following list of records and questions:

1. A digital copy of the body cam footage from all officers on November 28, 2019

2. Records retention schedule for body cam footage and recordings.

3. List for all officers who worked 11/28/2019

4. Procedures for traffic stops

5. Who has the responsibility to turn on body cams or do they turn on automatically?

6. How long is body camera footage stored?

7. At the end of shift where is body cam footage stored?

8. Dash cam video procedures on traffic stops

**{¶ 3}** On January 24, 2022, Gregory filed in this court a complaint for a writ of mandamus, alleging that the city had failed to respond to his records request. He

also demanded an award of statutory damages and court costs.[1] Four days later, the police department sent him a letter of apology and provided records responsive to the list except for the first item: "body cam footage from all officers on November 28, 2019." The city denied access to that item, characterizing the request as overly broad.

{¶ 4} After we granted the alternative writ, the parties filed briefs and evidence.

## II. Analysis

### A. The demand for a writ of mandamus

{¶ 5} R.C. 149.43(B)(1) requires a public office to make copies of public records available to any person upon request and within a reasonable period. Mandamus is an appropriate remedy by which to compel compliance with R.C. 149.43. R.C. 149.43(C)(1)(b); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. A public-records mandamus case becomes moot if the public office produces the requested records to the relator. *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 27.

{¶ 6} We first note that item Nos. 5, 6, and 7 on the list Gregory sent the police department are questions—not records—to which no response was required. *See State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30 ("Requests for information * * * are improper requests under R.C. 149.43"). Therefore, we deny Gregory's demand for a writ of mandamus as to these three items, and we proceed to address the other five items listed in his records request.

{¶ 7} At the time Gregory filed his mandamus complaint, the city had not responded to his records request. By the time Gregory filed his merit brief,

---

1. Gregory filed an affidavit of indigency pursuant to S.Ct.Prac.R. 3.06(A), which this court accepted, so there are no court costs to award.

however, he had received the city's response, and he concedes in his merit brief that the response satisfied his records request except for item No. 1. Therefore, we deny as moot Gregory's demand for a writ of mandamus compelling access to item Nos. 2, 3, 4, and 8.

{¶ 8} The city denied as overbroad Gregory's records request as to item No. 1: "[a] digital copy of the body cam footage from all officers on November 28, 2019." In his merit brief, Gregory does not address the city's overbreadth defense. In fact, he does not present any argument in favor of a writ of mandamus to compel access to item No. 1. Instead, his brief is devoted to the argument that the city's response was untimely and that statutory damages therefore should be awarded. Likewise, in his affidavit, Gregory requests statutory damages but not a writ of mandamus. We therefore hold that Gregory has waived the issue, and we deny the writ with respect to item No. 1 on that basis. *See, e.g.*, *State ex rel. Moore v. Malone*, 96 Ohio St.3d 417, 2002-Ohio-4821, 775 N.E.2d 812, ¶ 39 (a relator who raised other claims in her complaint waived those claims "by not pursuing [them] in her merit brief"); *see also State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 83 (relators who requested attorney fees in mandamus complaint waived the issue by failing to include in their merit brief any argument in support of that request).

{¶ 9} For the above reasons, we deny Gregory's complaint for a writ of mandamus in part as moot (as to item Nos. 2, 3, 4, and 8) and in part on the merits (as to item Nos. 1, 5, 6, and 7).

*B. Statutory damages*

{¶ 10} A person requesting public records "shall" be entitled to recover an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section." R.C. 149.43(C)(2). Statutory damages are calculated at the rate of $100 for every business day the public office

4

or person responsible for the requested public records fails to comply with an obligation under R.C. 149.43(B), starting from the date of the filing of the mandamus complaint, up to a maximum award of $1,000. R.C. 149.43(C)(2). Assuming that the city failed to comply with its statutory obligations, Gregory would be eligible to receive a maximum of $400: Gregory filed his complaint on January 24, and the city provided the records four business days later.

{¶ 11} However, a court may reduce the amount if it makes two findings:

(a) [t]hat, based on the ordinary application of statutory law and case law as it existed at the time of the conduct * * * of the public office or person responsible for the requested public records * * * that allegedly constitutes a failure to comply with an obligation * * *, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct * * * did not constitute a failure to comply with an obligation in accordance with division (B) of this section; [and]

(b) [t]hat a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct * * * would serve the public policy that underlies the authority that is asserted as permitting that conduct * * *.

R.C. 149.43(C)(2).

{¶ 12} The city argues that we should make the above two findings and reduce any statutory damages awarded to Gregory accordingly.[2] In support of this argument, the city alleges that Gregory was indicted and convicted of criminal

---

2. In its merit brief, the city repeatedly suggests that its delay in responding to Gregory's records request resulted from staff shortages, but the city never connects this claim to any substantive argument in opposition to a writ or in favor of a reduction in the statutory damages awarded.

offenses that occurred in Lucas County on November 28, 2019, and it asserts that R.C. 149.43(B)(8) therefore required him to seek court approval before requesting body-camera footage and the names of the officers working on that date.[3]

{¶ 13} R.C. 149.43(B)(8) requires inmates to obtain court approval before requesting documents relating to a criminal investigation or prosecution. In *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 167 Ohio St.3d 193, 2021-Ohio-4487, 190 N.E.3d 605, we addressed a claim for statutory damages under the Public Records Act when some but not all the records the inmate was seeking fell within the scope of R.C. 149.43(B)(8). The public office claimed that it had acted reasonably when it rejected the entire records request for noncompliance with R.C. 149.43(B)(8) without determining whether any of the requested records fell outside the scope of the provision. We rejected that argument because the plain language of R.C. 149.43(B)(8) "excuses a public office or official from having to provide a *record* when it relates to a criminal proceeding." (Emphasis sic.) *Id*. at ¶ 15. We explained that R.C. 149.43(B)(8) "does not create a blanket rule that an office or official may disregard an entire *request* when a portion thereof is subject to the prerelease approval of the sentencing judge." (Emphasis sic.) *Id*. at ¶ 15.

{¶ 14} This case presents the same scenario as *Ellis*. On the one hand, the city argues that R.C. 149.43(B)(8) required Gregory to seek court approval before requesting body-camera footage and the names of the officers working on the date of his offenses. On the other hand, some of the records he requested did not implicate R.C. 149.43(B)(8). Noting that *Ellis* was not decided until December 2021—after Gregory sent his public-records request—the city asserts that before *Ellis* was decided, "a public office could reasonably have believed it had no

---

3. Implicit in the city's argument is the assumption that Gregory was an inmate at the time he sent his records request. Although the city does not cite any evidence verifying that assumption, we join in the assumption for purposes of our analysis.

obligation to respond to [Gregory]'s requests as they included requests covered by R.C. 149.43(B)(8), without [him] having obtained the necessary judicial approval."

**{¶ 15}** *Ellis* contradicts the city's argument. If a reasonable public official could have concluded, prior to *Ellis*, that the entire records request could be disregarded, then we would have denied statutory damages in *Ellis*. But we awarded statutory damages in that case because the language of R.C. 149.43(B)(8) was clear. *Id*. at ¶ 15-17. Even before *Ellis* was decided, the city had no reasonable basis to withhold all the records Gregory requested simply because he was required to seek court approval before requesting some of them.

**{¶ 16}** Accordingly, we award Gregory $400 in statutory damages.

### III. Conclusion

**{¶ 17}** Based on the foregoing, we deny the writ of mandamus and award Gregory statutory damages in the amount of $400.

Writ denied.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

FISCHER, J., concurs in part and dissents in part and would not award damages.

_____

LaRon Gregory, pro se.

Dale R. Emch, Toledo Director of Law, and Tammy G. Lavalette, Assistant Director of Law, for respondent.

_____