**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. O'Malley*, Slip Opinion No. 2024-Ohio-5242.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5242

THE STATE EX REL. WARE *v*. O'MALLEY, PROS. ATTY., ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. O'Malley*, Slip Opinion No. 2024-Ohio-5242.]**

*Mandamus—Public Records Act—R.C. 149.43(B)(8)—Personnel file of assistant prosecuting attorney improperly withheld from inmate by prosecutor's office under R.C. 149.43(B)(8) because personnel file did not concern a criminal investigation or prosecution—Limited writ granted, statutory damages denied, and court costs awarded.*

(No. 2023-1084—Submitted September 3, 2024—Decided November 5, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ. KENNEDY, C.J., concurred in part and dissented in part, with an opinion. FISCHER, J., dissented.

**Per Curiam.**

{¶ 1} Relator, Kimani E. Ware, an inmate at the Richland Correctional Institution, requests a writ of mandamus ordering production of the personnel file of a Cuyahoga County assistant prosecuting attorney in response to a public-records request. Ware also seeks awards of statutory damages and court costs. Respondents, Cuyahoga County Prosecuting Attorney Michael C. O'Malley and Assistant Prosecuting Attorney Kelli K. Perk (collectively, "the prosecutor"), did not provide Ware with the personnel file he requested, asserting that the personnel files of all prosecuting attorneys necessarily concern a criminal prosecution within the meaning of R.C. 149.43(B)(8) and that Ware therefore must comply with that statute to be entitled to the requested records.

{¶ 2} Because the prosecutor has not shown that R.C. 149.43(B)(8) applies to the records at issue, we grant a limited writ ordering the prosecutor to produce the requested personnel file to Ware, subject to proper redactions as authorized by law. We grant Ware's request for an award of court costs but deny his request for statutory damages.

### FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} In May 2023, the Cuyahoga County Prosecutor's Office received a public-records request from Ware by certified mail. Ware requested copies of (1) the personnel file of Assistant Prosecuting Attorney James E. Moss and (2) the roster of employees in the prosecutor's office.

{¶ 4} Perk responded to Ware's request less than a month after it was received. She provided Ware with a copy of the employee roster but did not produce Moss's personnel file. Because Ware is incarcerated, Perk withheld Moss's personnel file under R.C. 149.43(B)(8) because "Moss had handled a variety of appellate matters relating to criminal prosecutions." Under R.C. 149.43(B)(8), a public office is not required to provide an incarcerated person with a public record "concerning a criminal investigation or prosecution" unless the

2

inmate has first obtained a finding from his sentencing judge that the information sought in the records "is necessary to support what appears to be a justiciable claim." In a letter to Ware, Perk explained that the prosecutor would not produce Moss's personnel file to Ware unless Ware obtained an R.C. 149.43(B)(8) finding from his sentencing judge.

{¶ 5} Ware commenced this action in August 2023, seeking a writ of mandamus ordering the prosecutor to provide him with a copy of Moss's personnel file and seeking awards of statutory damages and court costs. We denied the prosecutor's motion to dismiss, granted an alternative writ, and ordered respondents to submit an unredacted copy of Moss's personnel file to the court for in camera inspection. 2024-Ohio-1384.

## ANALYSIS

{¶ 6} Mandamus is an appropriate remedy by which to compel compliance with R.C. 149.43, the Public Records Act. R.C. 149.43(C)(1)(b). To obtain a writ of mandamus under the Public Records Act, Ware must show that he has a clear legal right to the records he requests and a corresponding clear legal duty on the prosecutor's part to provide it. *State ex rel. Ellis v. Maple Hts. Police Dept.*, 2019-Ohio-4137, ¶ 5.

{¶ 7} To establish these elements, Ware relies on R.C. 149.43(B)(1), which provides:

> *Subject to division (B)(8) of this section*, upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time. If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person

responsible for the public record shall make available all of the information within the public record that is not exempt.

(Emphasis added.) Exceptions to disclosure are strictly construed against the public office, which has the burden to establish the applicability of an exception. *State ex rel. Miller v. Ohio Highway Patrol*, 2013-Ohio-3720, ¶ 23.

*R.C. 149.43(B)(8) Does Not Apply to Ware's Request for Moss's Personnel File*

{¶ 8} The prosecutor relies on the "[s]ubject to division (B)(8)" language of R.C. 149.43(B)(1) to support the denial of Ware's records request. The prosecutor argues that Ware can show neither a clear legal right to Moss's personnel file nor a clear legal duty on the part of the prosecutor to provide it, because R.C. 149.43(B)(8) limits an incarcerated person's right to obtain such records. R.C. 149.43(B)(8) states:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction . . . to obtain a copy of any public record *concerning a criminal investigation or prosecution* . . . unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

(Emphasis added.)

{¶ 9} We have described R.C. 149.43(B)(8) as "broad and encompassing" and as "clearly set[ting] forth heightened requirements for *inmates* seeking public

records." (Emphasis in original.) *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14 (analyzing a public-records mandamus case under former R.C. 149.43(B)(4), now codified at R.C. 149.43(B)(8)). In *Russell*, we held that the statute barred an inmate from obtaining offense and incident reports that were otherwise public records, because the inmate had not first obtained a finding from his sentencing judge that the records were necessary to support a justiciable claim. *Id.* at ¶ 3-4, 16.

{¶ 10} The prosecutor in this case concedes that whether R.C. 149.43(B)(8) applies to an inmate's request for an assistant prosecuting attorney's personnel file is an issue of first impression in this court. The prosecutor argues that records "concerning a criminal investigation or prosecution" under R.C. 149.43(B)(8) necessarily include Moss's personnel file because Moss is an assistant prosecuting attorney "tasked with the responsibility of prosecuting crimes" and therefore, his personnel file relates to the "'general process by which an accused is tried and punished for criminal activity,' " *State v. Bess*, 2010-Ohio-3292, ¶ 20. Indeed, the prosecutor argues that Moss has handled and continues to handle appellate matters related to criminal prosecutions and that documents in Moss's personnel file repeatedly reference "the prosecutorial nature of his work."

{¶ 11} The prosecutor bears the burden of showing that R.C. 149.43(B)(8) applies to Moss's personnel file in this case. *See State ex rel. Ware v. Parikh*, 2023-Ohio-759, ¶ 11-12. The prosecutor has not met that burden. Even if we were to accept the prosecutor's premise that R.C. 149.43(B)(8) applies to any record that relates to the "general process by which an accused is tried and punished for criminal activity," *Bess* at ¶ 20, Moss's personnel file does not fall into that category. The prosecutor cites numerous pages of Moss's personnel file that supposedly show "the prosecutorial nature" of Moss's work. But our in camera inspection of the pages of the personnel file cited by the prosecutor do not reference prosecutorial work, much less relate to the investigation or prosecution of crimes.

**{¶ 12}** The pages of Moss's personnel file cited by the prosecutor fall into two categories: (1) letters or notes commending Moss on his work and (2) individual pages from annual performance evaluations that contain comments on Moss's work during the previous year. None of these records can be fairly characterized as relating to any criminal investigation or prosecution. Indeed, none of the records in Moss's personnel file relate to the investigation or prosecution of any criminal offender or refer to a specific criminal case. And the one case that was referred to by name was an extraordinary-writ case on which Moss had worked as a member of the prosecutor's appellate unit. We have previously rejected the argument that R.C. 149.43(B)(8) applies to an inmate's request for records of a mandamus action in which the underlying subject matter concerned a criminal prosecution. *Ware* at ¶ 11-12.

**{¶ 13}** Moreover, even if we were to accept the prosecutor's argument that *some* of the records in Moss's personnel file fall within the scope of R.C. 149.43(B)(8), it does not follow that the prosecutor could ignore the entirety of Ware's request for Moss's personnel file. In *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 2021-Ohio-4487, we addressed a situation in which *some* of the public records requested by an inmate fell within the scope of R.C. 149.43(B)(8). We held that the inmate was entitled to statutory damages because the public office acted unreasonably in rejecting the entire records request based on the inmate's noncompliance with R.C. 149.43(B)(8) without first determining whether any of the requested records fell outside the scope of the statutory provision. *Ellis* at ¶ 14-15. The plain language of R.C. 149.43(B)(8) "excuses a public office or official from having to provide a *record* when it relates to a criminal proceeding," but it "does not create a blanket rule that an office or official may disregard an entire *request* when a portion thereof is subject to the prerelease approval of the sentencing judge." (Emphasis in original.) *Ellis* at ¶ 15; *accord State ex rel. Gregory v. Toledo*, 2023-Ohio-651, ¶ 15.

**{¶ 14}** The prosecutor downplays this court's holding in *Ellis* and instead directs our attention to *State ex rel. Boszik v. Medina Cty. Sheriff Office*, 2019-Ohio-3969 (9th Dist.), as support for the prosecutor's decision to not produce any portion of Moss's personnel file to Ware. In *Boszik*, an inmate submitted a public-records request for "personnel records for a specific Sheriff's Office detective." *Id.* at ¶ 2. The sheriff's office failed to produce the personnel file. In the ensuing mandamus action, the sheriff's office moved for dismissal under Civ.R. 12(B)(6), arguing that the inmate had failed to obtain the judicial finding required by R.C. 149.43(B)(8). *Boszik* at ¶ 9. The Ninth District Court of Appeals granted the motion and dismissed the action. *Id.* at ¶ 15. In doing so, the court of appeals noted that the inmate had alleged in his complaint and argued in his opposition to dismissal that his request for the detective's personnel records did not implicate R.C. 149.43(B)(8). *Boszik* at ¶ 13. The court rejected the inmate's argument, opining that the "mere allegation in his complaint . . . [was] insufficient to meet his burden." *Id.* The prosecutor argues that the facts of this case are like those of *Boszik*.

**{¶ 15}** We reject *Boszik* as persuasive authority because the court of appeals in that case stated that the inmate's burden at the pleadings stage was to allege facts to show that the exception in R.C. 149.43(B)(8) did not apply to his records request. *See Boszik* at ¶ 13. But it was the sheriff's office that bore the burden to prove that R.C. 149.43(B)(8) applied to the records at issue in *Boszik*, not the inmate's burden to plead otherwise. *See Ware*, 2023-Ohio-769, at ¶ 12.

**{¶ 16}** The prosecutor here also raises public-policy arguments that militate in favor of applying R.C. 149.43(B)(8) to an inmate's request for an assistant prosecuting attorney's personnel file. The prosecutor's arguments are rooted in this court's observation in *Russell* that the General Assembly's use of broad language in R.C. 149.43(B)(8) "clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records *in order to conserve law enforcement resources.*" (Emphasis added.) *Russell*, 2006-Ohio-5858, at ¶ 14. According to the

prosecutor, this public-policy concern is reflected in an inmate's request for the personnel file of an assistant prosecuting attorney because of the amount of time it takes to review the personnel file for materials that are subject to R.C. 149.43(B)(8). Accordingly, it is appropriate, argues the prosecutor, to withhold a personnel file in toto—absent the required finding under R.C. 149.43(B)(8)—to prevent inmates like Ware from draining law enforcement's resources.

**{¶ 17}** The public-policy observations in *Russell*, however, must be read in context. The heightened requirement of R.C. 149.43(B)(8) applies only to public records that concern a criminal investigation or prosecution. The General Assembly did not impose heightened requirements for other categories of public records; as to records other than those that concern a criminal investigation or prosecution, an inmate stands on equal footing with other citizens. *See Ellis*, 2021-Ohio-4487, at ¶ 15 (the plain language of R.C. 149.43(B)(8) excuses a public office from providing a record only when it relates to a criminal proceeding). The prosecutor's policy arguments are better aimed at the legislature. *See Kish v. Akron*, 2006-Ohio-1244, ¶ 44 ("the General Assembly is the ultimate arbiter of policy considerations relevant to public-records laws"). The language of R.C. 149.43(B)(8) does not support the prosecutor's proposed interpretation.

**{¶ 18}** We therefore hold that the prosecutor improperly withheld Moss's personnel file in its entirety. However, we have recognized that "personnel files require careful review to redact sensitive personal information about employees that does not document the organization or function of the agency." *State ex rel. Davis v. Metzger*, 2014-Ohio-2329, ¶ 10; *see also State ex rel. Dispatch Printing Co. v. Johnson*, 2005-Ohio-4384, ¶ 25 (home addresses of state employees may be redacted from personnel files before release of the files as public records); R.C. 149.43(B)(1) ("If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record

that is not exempt."). Upon in camera inspection, we find that Moss's personnel file contains information that either may be or is required to be redacted under exceptions set forth in R.C. 149.43(A)(1). We therefore grant a limited writ of mandamus ordering the prosecutor to produce Moss's personnel file to Ware, subject to proper redactions authorized by law.

*Statutory Damages and Court Costs*

**{¶ 19}** Ware also seeks an award of statutory damages under R.C. 149.43(C)(2). A public-records requester may obtain statutory damages "if a court determines that the public office or the person responsible for the public records failed to comply with an obligation [under R.C. 149.43(B)]." R.C. 149.43(C)(2). To be entitled to statutory damages, Ware must establish by clear and convincing evidence that he sent his public-records request to the prosecutor by certified mail and that the prosecutor failed to produce responsive records within a reasonable time. *State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 13-14. Statutory damages accrue at a rate of $100 for each business day that the public office failed to comply with R.C. 149.43(B), starting from the day the mandamus action was filed up to a maximum of $1,000. *See* R.C. 149.43(C)(2).

**{¶ 20}** There is no dispute that Ware sent his public-records request by certified mail in May 2023 or that the prosecutor has not, to date, provided Moss's personnel file in response to that request. Under R.C. 149.43(C)(2), however, the court may reduce or deny statutory damages if, based on the law as it existed at the time of the request, a well-informed person responsible for the public records reasonably would have believed that (1) R.C. 149.43(B) did not require their disclosure and (2) withholding the records would serve the public policy that underlies the authority asserted for withholding the records. *State ex rel. Harm Reduction Ohio v. OneOhio Recovery Found.*, 2023-Ohio-1547, ¶ 38. In our view, these factors cut against awarding statutory damages in this case.

**{¶ 21}** The prosecutor contends that since no Ohio court had affirmatively decided whether an assistant prosecuting attorney's personnel file "concerns" a criminal prosecution within the meaning of R.C. 149.43(B)(8), it was reasonable for the prosecutor to not produce the file to Ware. Moreover, as the prosecutor notes, the Ninth District's decision in *Boszik*, which involved an inmate's request for the personnel records of a sheriff's detective, provided some authority for the proposition that Ware needed to comply with R.C. 149.43(B)(8) before he could obtain Moss's personnel file. Thus, the prosecutor arguably had legal support for denying Ware's request for Moss's personnel file. Combined with this court's observation in *Russell* that the purpose of R.C. 149.43(B)(8) is "to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources," *Russell*, 2006-Ohio-5858, at ¶ 14, the prosecutor reasonably believed that withholding Moss's personnel file from Ware served the public policy underlying the statute. Accordingly, we deny Ware's request for an award of statutory damages.

**{¶ 22}** As for court costs, we award them to Ware. Because Ware is entitled to a limited writ of mandamus ordering the prosecutor to produce Moss's personnel file, subject to proper redactions authorized by law, an award of costs is mandatory under R.C. 149.43(C)(3)(a)(i). *See State ex rel. Hicks v. Fraley*, 2021-Ohio-2724, ¶ 25.

## CONCLUSION

**{¶ 23}** For the foregoing reasons, we grant a limited writ of mandamus ordering the prosecutor to produce the personnel file responsive to Ware's public-records request, subject to proper redactions authorized by law. We also award Ware court costs but deny his request for statutory damages.

Limited writ granted.

————————————

**KENNEDY, C.J., concurring in part and dissenting in part.**

{¶ 24} I concur in the majority's decision to grant relator, Kimani E. Ware, a writ of mandamus compelling respondents, Cuyahoga County Prosecuting Attorney Michael C. O'Malley and Assistant Prosecuting Attorney Kelli K. Perk (collectively, "O'Malley"), to comply with Ware's public-records request for a copy of an assistant prosecuting attorney's personnel file. I also agree with the majority's decision to award court costs to Ware. However, I part ways with the majority to the extent that it denies Ware an award of statutory damages. As explained below, there is no basis to hold that a well-informed public office or public-records custodian would reasonably believe that an assistant prosecuting attorney's personnel file constitutes a public record concerning a criminal prosecution and is therefore exempt from production to an incarcerated person under R.C. 149.43(B)(8). Furthermore, no well-informed public office or public-records custodian would reasonably believe that withholding an assistant prosecuting attorney's personnel file would serve the public policy underlying R.C. 149.43(B)(8).

{¶ 25} For these reasons, I would award Ware statutory damages in the amount of $1,000, and I dissent from the majority's judgment to the extent that it does not.

## LAW AND ANALYSIS

### *Statutory Construction*

{¶ 26} This case presents a question of statutory interpretation. As we explained long ago, "[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12. Therefore, "[a]n unambiguous statute is to be applied, not

interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

### *Reduction or Denial of Statutory Damages*

{¶ 27} R.C. 149.43(C)(2) permits a court to award statutory damages to a public-records requester in a mandamus action when a public office or public-records custodian wrongfully withholds a requested record. However, a court may reduce that award or deny it altogether if it determines both of the following:

(a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with [R.C. 149.43(B)] and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)];

(b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

R.C. 149.43(C)(2).

### *R.C. 149.43(C)(2)(a)—The Applicable-Law Requirement*

**{¶ 28}** The first prong of R.C. 149.43(C)(2)'s two-part test for denying an award of statutory damages requires that a public office or public-records custodian who has wrongfully withheld public records show that a well-informed person would have reasonably believed that the law permitted him or her to withhold the record.  O'Malley contends that R.C. 149.43(B)(8) permits the prosecutor's office to withhold the assistant prosecuting attorney's personnel file that Ware requested because that file constitutes a public record concerning a criminal prosecution.

**{¶ 29}** R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction . . . to inspect or to obtain a copy of any *public record concerning a criminal investigation or prosecution* . . . unless the request . . . is for the purpose of acquiring information that is subject to release as a public record under [R.C. 149.43(B)] and the judge who imposed the sentence or made the adjudication with respect to the person . . . finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

(Emphasis added.)

**{¶ 30}** However, no well-informed, reasonable person would believe that an assistant prosecuting attorney's personnel file is a public record concerning a criminal prosecution.  This court has explained that the word "prosecution" can refer to "[a] criminal proceeding in which an accused person is tried," *State v. Bess*, 2010-Ohio-3292, ¶ 19, quoting *Black's Law Dictionary* (8th Ed. 2004), as well as "the more general process by which an accused is tried and punished for alleged

13

criminal activity," *id.* at ¶ 20. Or put more simply, "'"[p]rosecution" . . . just means law enforcement by public officers.' " *Id.*, quoting *Thomas v. Peoria*, 580 F.3d 633, 638-639 (7th Cir. 2009); *see also Webster's Third New International Dictionary* (2002) ("prosecution" means "the institution and continuance of a criminal suit involving the process of exhibiting formal charges against an offender before a legal tribunal and pursuing them to final judgment on behalf of the state or government").

{¶ 31} So when R.C. 149.43(B)(8) exempts the release of public records "concerning a criminal . . . prosecution" to an incarcerated person who has submitted a request for the records, it refers to records that are related to the proceedings in which an accused has been tried for a crime. *See State ex rel. McCaffrey v. Mahoning County Prosecutor's Office*, 2012-Ohio-4246, ¶ 41, quoting *State ex rel. Keller v. Cox*, 1999-Ohio-264, ¶ 11 (noting the "unremarkable proposition that personnel and internal investigation records of police officers . . . 'have nothing to do with the crime or the criminal case itself' "). The personnel file of an assistant prosecuting attorney is plainly not a public record concerning a criminal prosecution. The State does not use an assistant prosecuting attorney's personnel file when litigating a criminal case. Furthermore, personnel files are not records that are unique to a prosecutor's office; they are common administrative records used in both public and private settings.

{¶ 32} Nonetheless, in support of his decision to withhold the assistant prosecuting attorney's personnel file from Ware, O'Malley relies on a single case from the Ninth District Court of Appeals: *State ex rel. Bozsik v. Medina Cty. Sheriff Office*, 2019-Ohio-3969 (9th Dist.). *Bozsik*, however, involved an incarcerated person's public-records request for a detective's personnel file, not an assistant prosecuting attorney's, *id.* at ¶ 2-3, and it was apparent that the requester sought the detective's personnel file to relitigate his conviction, *id.* at ¶ 10. So the personnel

14

file requested in *Bozsik* was to some degree related to a criminal prosecution. *See id.* at ¶ 10-14. The same is not true here.

{¶ 33} No well-informed person would reasonably believe that an assistant prosecuting attorney's personnel file "concern[s] a criminal investigation or prosecution," R.C. 149.43(B)(8). Therefore, O'Malley has failed to establish—and the majority improperly determined—that he has satisfied the first prong of the well-informed, reasonable-person test, which is set forth in R.C. 149.43(C)(2)(a). And because both prongs of the test must be satisfied to deny a public-records requester statutory damages, there is no basis to deny an award of statutory damages to Ware.

{¶ 34} But even if O'Malley had met his burden to show that his denial of Ware's request for the assistant prosecuting attorney's personnel file was reasonable based on the law at the time, his withholding of the file fails to satisfy the second prong of the test, which is set forth in R.C. 149.43(C)(2)(b).

### *R.C. 149.43(C)(2)(b)—The Public-Policy Requirement*

{¶ 35} The second prong of R.C. 149.43(C)(2)'s two-part test requires a public office or public-records custodian who has wrongfully withheld public records to establish that a well-informed person would reasonably believe that withholding the requested record would serve the public policy underlying the authority asserted for withholding the record. Again, O'Malley relies on R.C. 149.43(B)(8).

{¶ 36} The public policy underlying R.C. 149.43(B)(8) is apparent from the statutory text—the exception to producing certain public records requested by an incarcerated person serves to restrict the person's access to law-enforcement records for nonjusticiable claims. In this respect, R.C. 149.43(B)(8) "conserve[s] law enforcement resources." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14.

**{¶ 37}** Additionally, the history of incarcerated-person public-records requests prior to the enactment of R.C. 149.43(B)(8) is informative. *See* Am.Sub.S.B. No. 78, 148 Ohio Laws, Part IV, 8625, 8625-8627 (enacting former R.C. 149.43(B)(4), now codified at R.C. 149.43(B)(8)). Before December 16, 1999, incarcerated persons could request law-enforcement records because R.C. 149.43(B) permitted any person to make a public-records request, without exception. *See id.* At that time, "criminal defendants were seeking records through public-records requests that they could not procure through Crim.R. 16 discovery." *State ex rel. Caster v. Columbus*, 2016-Ohio-8394, ¶ 22. With the enactment of R.C. 149.43(B)(8), the General Assembly restricted this practice, thereby preventing this abuse of the discovery process by incarcerated persons.

**{¶ 38}** Here, there is no evidence that Ware is seeking the assistant prosecuting attorney's personnel file to pursue a nonjusticiable claim or to bypass the reciprocal-discovery requirements of Crim.R. 16. In the circumstances presented here, no well-informed public office or public-records custodian would reasonably believe that denying Ware's request for the personnel file would "serve the public policy that underlies" R.C. 149.43(B)(8), R.C. 149.43(C)(2)(b). Therefore, O'Malley has also not satisfied the second prong of the two-part test, which is set forth in R.C. 149.43(C)(2)(b). And since the exception to awarding statutory damages is not available unless both prongs of the statutory test are satisfied, the majority has no basis to deny an award of statutory damages in this case.

## CONCLUSION

**{¶ 39}** Ware's incarceration makes him no less deserving of statutory damages than any other citizen. R.C. 149.43(B)(8) may restrict an incarcerated person's access to public records "concerning a criminal investigation or prosecution," but a well-informed public office or public-records custodian would not reasonably believe that the statute permitted O'Malley to withhold an assistant

prosecuting attorney's personnel file in these circumstances. Consequently, in my view the majority errs in denying statutory damages to Ware. For this reason, I dissent in part from the majority's judgment and would grant Ware an award of statutory damages in the amount of $1,000 under R.C. 149.43(C)(2).

———————————

Kimani E. Ware, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew T. Fitzsimmons IV, Assistant Prosecuting Attorney, for respondents.

———————————